UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | |
| Plaintiff, | CIVIL ACTION NO. 3:24-cv-01965 |
| v. | (SAPORITO, J.) |
| BONNIE NIDOH, et al., | |
| Defendants. | |

## MEMORANDUM

This is an interpleader action initiated by the filing of a complaint by the interpleading plaintiff, American General Life Insurance Company, on November 14, 2024. Doc. 1. The defendant-claimants named in this action—(a) Bonnie Nidoh, individually and as Executrix of the Estate of Kathryn Park; (b) C&J Financial, LLC; and (c) Judith Harris—have competing claims to the proceeds of a life insurance policy purchased from American General by the decedent, Kathryn Park, described in the complaint as American General life insurance policy number 0202668249 with a face amount of $80,000 (the "Policy").

Presently before the court is a motion for summary judgment filed by American General on February 14, 2025, in which it asks the court to:

(1) grant the interpleader; (2) confirm the sufficiency of the deposit it has placed into the court's registry; (3) enjoin the defendant-claimants from prosecuting any other proceeding against American General related to the Policy; and (4) dismiss it from this case. Doc. 14. In support, American General has filed a brief in support of its motion for summary judgment and a statement of undisputed material facts. Doc. 14-2; Doc. 14-3. None of the three defendant-claimants has filed any response to the motion.

I. LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" only if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell*

*Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must set forth specific facts, supported by the record, demonstrating that "the evidence presents a sufficient disagreement to require submission to the jury." *Anderson*, 477 U.S. at 251–52.

In evaluating a motion for summary judgment, the Court must first determine if the moving party has made a *prima facie* showing that it is entitled to summary judgment. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331. Only once that *prima facie* showing has been made does the burden shift to the nonmoving party to demonstrate the existence of a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331.

Both parties may cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the

purposes of the motion only), admissions, interrogatory answers or other materials." Fed. R. Civ. P. 56(c)(1)(A). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "Although evidence may be considered in a *form* which is inadmissible at trial, the *content* of the evidence must be capable of admission at trial." *Bender v. Norfolk S. Corp.*, 994 F. Supp. 2d 593, 599 (M.D. Pa. 2014); *see also Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d 378, 387 n.13 (3d Cir. 1999) (noting that it is not proper, on summary judgment, to consider evidence that is not admissible at trial).

Here, the interpleading plaintiff, American General, has moved for summary judgment with respect to whether it is entitled to interplead the defendant-claimants, but the defendants have failed to submit briefs in opposition or any other papers contesting American General's motion. The defendants' failure to actively oppose American General's motion for summary judgment implicates two local rules, which provide that a party who fails to file a brief in opposition to a motion "shall be deemed not to oppose such motion," M.D. Pa. L.R. 7.6, and that all material facts set

forth in the movant's statement of material facts "will be deemed to be admitted unless controverted" by a counter-statement of material facts by the non-movant, M.D. Pa. L.R. 56.1.

However, the defendants' failure to respond to the motion does not mean that American General is automatically entitled to summary judgment. *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990). These local rules must be construed and applied in a manner consistent with Rule 56 of the Federal Rules of Civil Procedure. *See id.* at 174. Thus, in the context of a motion for summary judgment, a non-movant's failure to file an opposition brief and counter-statement of material facts is "construed as effecting a waiver of [the non-movant's] right to controvert the facts asserted by the moving party in the motion for summary judgment or the supporting material accompanying it." *Id.* at 175–76. The moving party must nevertheless establish that, based on the facts set forth in support of its motion, it is entitled to judgment as a matter of law. *See id.*; *see also Lorenzo v. Griffith*, 12 F.3d 23, 28 (3d Cir. 1993); *Miller v. Ashcroft*, 76 Fed. App'x 457, 462 (3d Cir. 2003) ("Even though the applicable [Middle District of Pennsylvania] local rules provide that a summary judgment motion is to

be considered unopposed and its statement of material facts admitted where a responsive brief is not timely filed, the [court] was still required to find that the undisputed facts warranted judgment as a matter of law.") (citations omitted).

In other words, in the absence of active opposition by the non-movant, the two-step, burden-shifting analysis that normally applies on summary judgment is abbreviated to just the first step, requiring the moving party to make a *prima facie* showing that it is entitled to summary judgment, based on the undisputed facts of record. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331.

## II. MATERIAL FACTS

The material facts of this motion are entirely undisputed.

On or about December 1, 2002, the decedent, Kathryn Park, was issued American General life insurance policy number 0202668249 with a face amount of $80,000. At the time of the decedent's death, the Policy was subject to a loan in the amount of $12,155.30. As a result, the total amount of the death benefit payable under the Policy was reduced from its face amount to $67,219.48. Originally, the decedent's spouse, Jamie Park, was listed as the primary beneficiary of the Policy, and the

decedent's estate was listed as the contingent beneficiary.

On or about May 4, 2021, American General received and processed an electronic change of beneficiary form for the Policy, which designated defendant-claimant Bonnie Nidoh as the 100% primary beneficiary of the Policy.[1]

On or about July 22, 2023, American General received and processed an electronic change of beneficiary form for the Policy, which designated defendant-claimant Judith Harris as the 100% primary beneficiary of the Policy.[2]

On July 23, 2023, the decedent, Kathryn Park, passed away. As a result of her death, the Policy's death benefit became due and payable to the beneficiary or beneficiaries of the Policy.

On or about July 24, 2023, Nidoh executed an assignment of proceeds of insurance, in which she assigned $7,089 of the Policy's death benefit to defendant-claimant C&J Financial, LLC.[3]

---

[1] The decedent's spouse had apparently passed away some time earlier. The change of beneficiary form indicated that Nidoh was the decedent's niece.

[2] The change of beneficiary form indicated that Harris was the decedent's sibling.

[3] The assignment form reflects an initial assignment from Nidoh to

*(continued on next page)*

On or about July 28, 2023, C&J Financial submitted a claim to the Policy's death benefit on behalf of Nidoh.

On or about August 19, 2023, Harris submitted her own claim to the Policy's death benefit.

On or about August 31, 2023, American General received a letter from Walker & Walker, P.C., as counsel for the decedent's estate, disputing the validity of the July 22, 2023, electronic change of beneficiary form designating Judith Harris as 100% primary beneficiary of the Policy.

On or about September 20, 2023, American General received a subpoena from Det. Renee Castellani of the Lackawanna County District Attorney's Office, who was investigating a complaint filed by Nidoh and legal counsel for the decedent's estate, which alleged fraud with respect to the July 22, 2023, change of beneficiary to Judith Harris.

On November 14, 2024, in light of the competing claims to the Policy's death benefit, American General commenced this interpleader action pursuant to 28 U.S.C. § 1335, naming Nidoh, C&J Financial, and

---

a funeral home that provided burial services with respect to the decedent, and a reassignment from the funeral home to C&J Financial.

Harris as defendant-claimants. All three defendants were served with a summons and a copy of the complaint. Harris has filed an answer to the complaint. Nidoh and C&J Financial have not yet entered an appearance in this action. On January 21, 2025, the clerk entered default against Nidoh and C&J Financial.

On February 14, 2025, American General deposited the amount of $68,202.90 with the registry of this court, reflecting the Policy's remaining death benefit in the amount of $67,219.48 plus accrued interest as of the date of the deposit.[4]

## III. DISCUSSION

American General has brought this action as an interpleader.

> The equitable remedy of interpleader allows a person holding property to join in a single suit two or more persons asserting claims to that property. The plaintiff in an interpleader action is a stakeholder that admits it is liable to one of the claimants, but fears the prospect of multiple liability. Interpleader allows the stakeholder to file suit, deposit the property with the court, and withdraw from the proceedings. The competing claimants are left to litigate between themselves. The result is a win-win situation. The stakeholder avoids multiple liability. The claimants

---

[4] This amount apparently represents the $80,000 face value of the Policy's death benefit less a policy loan of $12,155.30 and $625.22 outstanding loan interest, plus $983.42 in interest accrued on the benefits due and payable.

> settle their dispute in a single proceeding, without having to sue the stakeholder first and then face the difficulties of finding assets and levying execution.

*Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007) (citations and internal quotation marks omitted).

There are two methods for bringing a federal interpleader action: (1) a statutory interpleader, brought under 28 U.S.C. § 1335; and (2) a rule interpleader, brought under Fed. R. Civ. P. 22. In a statutory interpleader, a federal district court has federal question subject matter jurisdiction so long as "there is 'minimal diversity' between two or more adverse claimants, and if the amount in controversy is $500 or more." *Price*, 501 F.3d at 275. "Unlike its statutory counterpart, rule interpleader is no more than a procedural device; the plaintiff must plead and prove an independent basis for subject matter jurisdiction."[5] *Id.* This action has been brought under the interpleader statute.

A statutory interpleader action "typically involves two steps: during the first, the district court determines whether the requirements of the

---

[5] For example, in *Price*, statutory interpleader was not available because the adverse claimants were all citizens of a single state, but the court had federal question jurisdiction because it involved an interpleader brought by an ERISA fiduciary against competing claimants to plan benefits. *See Price*, 501 F.3d at 276–77.

statute have been met and whether the stakeholder may be relieved from liability; during the second, it actually adjudicates the defendants' adverse claims to the interpleaded fund." *NYLife Distribs., Inc. v. Adherence Grp., Inc.*, 72 F.3d 371, 375 (3d Cir. 1995); *see also Reconstruction Fin. Corp. v. Aquadro*, 7 F.R.D. 406, 409 (W.D. Pa. 1947) ("[A]n 'interpleader' is an action conducted in two stages; first the Court must take evidence and determine whether the plaintiff is entitled to interplead the defendants, and the second stage is between the different defendants on their adverse claims."). *See generally* 7 Charles Alan Wright et al., Federal Practice and Procedure § 1714 *et seq.* (3d ed.) (overview of two-stage interpleader procedure). In the instant motion for summary judgment, American General seeks a ruling on the first stage of this interpleader action.

Under § 1335, a interpleading plaintiff must satisfy five elements to establish that interpleader relief is appropriate:

> (1) the interpleader action must be brought by a stakeholder who has "custody or possession" of the funds to be distributed; (2) the action must concern the minimal jurisdictional amount of $500; (3) there must be two or more adverse claimants asserting a right to the fund; (4) the adverse claimants must be of diverse citizenship as defined in 28 U.S.C. § 1132; and (5) the full amount disputed must be deposited in the court

> registry or a bond given made payable to the clerk of courts in the appropriate amount.

*Midland Nat'l Life Ins. Co. v. Rivas*, 318 F.R.D. 303, 306 (E.D. Pa. 2016); *see also Pratts v. State Farm Fire & Cas.*, No. 3:19-cv-01192, 2021 WL 2442380, at *3 (M.D. Pa. June 15, 2021).

Here, the material facts are entirely undisputed. Viewing these facts in the light most favorable to the non-moving defendant-claimants, we find that American General has made a *prima facie* showing that it is entitled to judgment as a matter of law. First, at the time of filing, American General was a disinterested stakeholder in custody or possession of the funds to be distributed—the death benefit payable under the Policy. Second, the amount in controversy—a death benefit of $67,219.48 plus accrued interest—well exceeds the $500 minimum jurisdictional amount. Third, there are two or more adverse claimants asserting a right to the fund—C&J Financial and Nidoh, on the one hand, and Harris, on the other, have asserted competing and mutually exclusive claims to the same death benefit payable under the Policy. Fourth, the adverse claimants are minimally diverse—Nidoh, the decedent's estate, and Harris are citizens of Pennsylvania, and C&J Financial is a citizen of Utah. Fifth, American General deposited the full

amount disputed—the Policy proceeds plus accrued interest, totaling $68,202.90—into the court's registry on February 14, 2025, and, after having given the defendant-claimants notice and an opportunity to be heard, the amount owed under the Policy has not been placed in dispute by any party. "At this point, [an interpleading] plaintiff acting in good faith is typically entitled to be discharged from the litigation and protected from further liability arising out of any claims to the funds at issue." *Rivas*, 318 F.R.D. at 308.

## IV.   CONCLUSION

For the foregoing reasons, the court will grant American General's motion for summary judgment. Finding American General to be a disinterested stakeholder that has properly deposited the full amount of the Policy's proceeds into the court registry as the *res* for this interpleader action, we will grant the requested interpleader relief, enjoin the defendant-claimants from commencing or continuing to prosecute any other proceeding against American General related to the Policy, and dismiss American General from this case.

An appropriate order follows.


Dated: June 5, 2025            *s/Joseph F. Saporito, Jr.*
                               JOSEPH F. SAPORITO, JR.
                               United States District Judge