UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | |
| Plaintiff, | CIVIL ACTION NO. 3:24-cv-01965 |
| v. | (SAPORITO, J.) |
| BONNIE NIDOH, et al., | |
| Defendants. | |

# MEMORANDUM

This matter comes before the court upon a stipulation or settlement agreement entered into between the interpleader defendant-claimants in this action. Doc. 23.

This is an interpleader action initiated by the filing of a complaint by the interpleading plaintiff, American General Life Insurance Company, on November 14, 2024. Doc. 1. The interpleader defendant-claimants—(a) Bonnie Nidoh, individually and as Executrix of the Estate of Kathryn Park; (b) C&J Financial, LLC; and (c) Judith Harris—have competing claims to the proceeds of a life insurance policy purchased from American General by the decedent, Kathryn Park, described in the complaint as American General life insurance policy number 0202668249

with a face amount of $80,000 (the "Policy").

American General was previously dismissed from this action, having been found to be a disinterested stakeholder, and having deposited the full amount of the *res* in contest into the court registry. Doc. 17; Doc. 18.[1]

The defendant-claimants have reached a compromise among themselves regarding the distribution of the *res*, agreeing to distribute the proceeds evenly between Bonnie Nidoh and Judith Harris, with Bonnie Nidoh being responsible for payment of all funeral costs due and owing to C&J Financial and/or James H. Wilson Funeral Home, Inc. from her share of the *res*.[2]

Although we find nothing in the record before us to indicate that the Estate has any actual claim to an interest in the Policy proceeds, in naming Nidoh as a defendant-claimant in her capacity as executrix as

---

[1] On February 14, 2025, American General deposited the amount of $68,202.90 with the registry of this court, reflecting the $80,000 face value of the Policy's death benefit less a policy loan of $12,155.30 and $625.22 outstanding interest, plus $983.42 in interest accrued on the benefits due and payable as of the date of the deposit.

[2] To be clear, the settlement agreement provides that Nidoh and Harris shall split the Policy's proceeds of $68,202.98 equally, with each receiving a distribution of $34,101.49.

well as her individual capacity, the interpleader complaint has made the Estate a party to this action, and the proposed settlement agreement effectively waives any claims the Estate might have to the Policy proceeds. Because the proposed settlement involves the compromise of claims by or against a decedent's estate, court approval of the settlement is statutorily required. *See* 20 Pa. Cons. Stat. Ann. § 3323(a); *see also Rodi v. Williams*, No. 4:12-1379, 2015 WL 1863006, at *1 (M.D. Pa. Apr. 23, 2015) ("Where court approval of settlement is required, an agreement is not binding until approved by a judge."). Having reviewed the proposed settlement agreement, and in light of the full record before the court, we find the proposed settlement agreement and its apportionment of Policy proceeds to be fair and reasonable under the circumstances presented, and thus we will enter an order authorizing the settlement to be made.

We note that the settlement agreement includes a contingent provision that Nidoh and Harris shall evenly split liability for any attorney fees and costs awarded to American General by the court, with said fees and costs being deducted from their respective distributions from the court's registry. Although its original complaint included a request for costs and attorney fees, in seeking summary judgment,

American General sought only injunctive relief, which it received when its motion was granted and American General was dismissed as a party to this action. Moreover,

> courts need not award attorneys' fees in interpleader actions where the fees are expenses incurred in the ordinary course of business. This is particularly true in the case of insurance companies, where minor problems that arise in the payment of insurance policies must be expected and the expenses incurred are part of the ordinary course of business.

*N.Y. Life Ins. Co. v. Apostolidis*, 841 F. Supp. 2d 711, 721 (E.D.N.Y. 2012) (citations and internal quotation marks omitted). In light of the foregoing, we will order the clerk to disburse the Policy proceeds on deposit with the court's registry without delay, and without any deduction for costs or attorney fees incurred by the interpleading plaintiff, American General.

An appropriate order follows.

Dated: August 21, 2025         *s/Joseph F. Saporito, Jr.*
                               JOSEPH F. SAPORITO, JR.
                               United States District Judge